# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROXIE STREETER,**

        **Plaintiff,**

-vs-　　　　　　　　　　　　　　　　　　　　Case No. 6:12-cv-163-Orl-22DAB

**FEDEX GROUND PACKAGE SYSTEM, INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED.**

In this suit arising out of her termination from Defendant Fedex Ground Packaging System, Inc., Plaintiff seeks to proceed *in forma pauperis*. Upon an affidavit of indigency, any court of the United States may authorize a party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). In forma pauperis proceedings are governed by Title 28, United States Code, Section 1915. The statute provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). When considering a motion to proceed in forma pauperis pursuant to

this statute, the first determination for the court " 'is whether the statements in the affidavit satisfy the requirement of poverty.' " *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (11th Cir. 1976)).

If the affidavit is "sufficient on its face to demonstrate economic eligibility," the court should first docket the case and then determine, pursuant to 28 U.S.C. § 1915(e)(2), whether the asserted claim is frivolous or fails to state a claim. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). Section 1915(e)(2) provides that a court shall dismiss the case of a plaintiff proceeding in forma pauperis at any stage if the allegation of poverty is untrue, if the court is satisfied that the action is frivolous or malicious, if the complaint fails to state a claim on which relief may be granted, or if the plaintiff seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

The standard of review for dismissals pursuant to 28 U.S.C. § 1915(e)(2) tracks the language for dismissals under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To survive dismissal for failure to state a claim under this standard, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court has provided guidance on what constitutes a "well pled" complaint, requiring a plaintiff to supply more than just any conceivable set of facts tending to support a claim, but "enough facts to state a claim to relief that is plausible on its face." *Id.* Recently, the Supreme Court has explained the two prong approach to evaluating whether a complaint meets this standard:

> As the Court held in *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.

> *Id.*, at 555, 127 S.Ct. 1955 (*citing Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or " a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with "a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
> \*\*\*
> But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not "show[n]"--"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).

"Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. Though pro se pleadings are held to a less strict standard than those drafted by lawyers and are construed liberally, *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), the Court does not have "license to serve as de facto counsel for a party" or to "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as stated in Young v. Nichols*, 398 Fed. Appx. 511 n.2 (11th Cir. 2010).

Plaintiff filed her Complaint alleging that she felt that she was discriminated against while working for Fedex and she was wrongfully terminated. Plaintiff alleges that she reported her time card was falsified but management did nothing about it and paid her for the time; she had problems with the machine she used jamming; her supervisor made her work while other employees "stood around talking"; packages were allowed to pile up and cause her to trip; her supervisor was not friendly toward her and if he saw her on break he would ask her why she was not working; when she complained to more senior management she was told to what the supervisor told her to do. Plaintiff alleges that because she is a woman, over 40 years of age, and black, she was treated this way. Doc. 1.

Plaintiff's Complaint falls short of stating "well-pleaded factual allegations" which "plausibly give rise to an entitlement to relief" based on discriminatory motive. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009). Title VII makes it unlawful for employers to discriminate against individuals with respect to their "compensation, terms, conditions, or privileges of employment, because of [their] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). Generally, a plaintiff must establish a prima facie case of discrimination by showing that she (1) is a member of a protected group, (2) was qualified for the position at issue, (3) suffered an adverse employment action, and (4) was treated less favorably than other similarly situated employees outside the protected group. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). While a plaintiff's complaint need not plead a prima facie case of discrimination in the motion to dismiss context, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), the prima facie elements are not entirely irrelevant, and no plaintiff is exempt from her obligation to allege sufficient facts to state all the elements of her claim. The ordinary rules for assessing the sufficiency of a complaint apply. *Swierkiewicz*, 534 U.S. at 511.

On the face of the Complaint, Plaintiff has alleged that she was disciplined at work by her supervisor, and conditions regarding machines jamming or packages piling up that she complained of were allowed to continue; however, she has not alleged any facts to support an allegation that this treatment was based on her race, her age, or her gender. She has not alleged that she was treated less favorably than other similarly-situated employees outside of the protected groups. Nor has Plaintiff alleged direct evidence of discrimination, such as comments directly related to the plaintiff's race, age, or gender. Plaintiff has alleged only that *she* falls within the protected class based on her race, age, and gender; however, without sufficient factual allegations in the complaint showing discrimination, Plaintiff fails to state a claim of employment discrimination. *See, e.g., Wallace v. Neiman Marcus Corp.*, 2011 WL 6029781, *3 (N.D. Tex. Nov. 4, 2011) (dismissing plaintiff's claims pursuant to *Iqbal* where she provided no facts showing that she was a member of a protected group, or qualified for the position at issue, that she had suffered adverse employment action, or that she was treated less favorably than other similarly situated employees outside the protected group). Accordingly, Plaintiff has failed to state a plausible discrimination claim upon which relief can be granted.

It is respectfully **RECOMMENDED** that Plaintiff's Motion to Proceed In Forma Pauperis be **DENIED** with leave to amend for failure to state a claim for employment discrimination based on the allegations in the Complaint.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 13, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy