# United States District Court
## Middle District of Florida
## Orlando Division

ROXIE STREETER,

        **Plaintiff,**

-vs-                                     **Case No. 6:12-cv-163-Orl-22DAB**

FEDEX GROUND PACKAGE SYSTEM,
INC.,

        **Defendant.**
_____

## Report And Recommendation

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED.**

    In this suit arising from termination of Plaintiff's employment, Chief Judge Conway dismissed Plaintiff's claims against Defendant Fedex Ground Packaging System, Inc., with leave for Plaintiff to file an amended complaint. Doc. 4. When Plaintiff did not timely file an amended complaint, Judge Conway dismissed the case for lack of prosecution. Plaintiff now moves to proceed *in forma pauperis* on appeal of the dismissal. Doc. 6, 7. An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). It is respectfully **RECOMMENDED** that the District Court certify that the appeal in this case is not taken in good faith.

Plaintiff filed her Complaint alleging that she felt that she was discriminated against while working for Fedex and she was wrongfully terminated. Plaintiff alleges that she reported her time card was falsified but management did nothing about it and paid her for the time; she had problems with the machine she used jamming; her supervisor made her work while other employees "stood around talking"; packages were allowed to pile up and cause her to trip; her supervisor was not friendly toward her and if he saw her on break he would ask her why she was not working; when she complained to more senior management she was told to what the supervisor told her to do. Plaintiff alleges that because she is a woman, over 40 years of age, and black, she was treated this way. Doc. 1.

Judge Conway's adopted the Report and Recommendation that Plaintiff's Complaint should be dismissed for failure to state a claim; it fell short of stating "well-pleaded factual allegations" which "plausibly give rise to an entitlement to relief" based on discriminatory motive. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009). Title VII makes it unlawful for employers to discriminate against individuals with respect to their "compensation, terms, conditions, or privileges of employment, because of [their] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). Generally, a plaintiff must establish a prima facie case of discrimination by showing that she (1) is a member of a protected group, (2) was qualified for the position at issue, (3) suffered an adverse employment action, and (4) was treated less favorably than other similarly situated employees outside the protected group. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). While a plaintiff's complaint need not plead a prima facie case of discrimination in the motion to dismiss context, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), the prima facie elements are not entirely irrelevant, and no plaintiff is exempt from her obligation to allege sufficient facts to state all

the elements of her claim. The ordinary rules for assessing the sufficiency of a complaint apply. *Swierkiewicz*, 534 U.S. at 511.

Plaintiff had alleged that she was disciplined at work by her supervisor, and conditions regarding machines jamming or packages piling up that she complained of were allowed to continue; however, she had not alleged any facts to support an allegation that the treatment was based on her race, her age, or her gender. She had also not alleged that she was treated less favorably than other similarly-situated employees outside of the protected groups. Nor had Plaintiff alleged direct evidence of discrimination, such as comments directly related to the plaintiff's race, age, or gender. Plaintiff had failed to state a plausible discrimination claim where she had alleged only that *she* fell within the protected class based on her race, age, and gender, and she failed to show discrimination, thus failing to state a claim of employment discrimination. Doc. 3 (citing *Wallace v. Neiman Marcus Corp.*, 2011 WL 6029781, *3 (N.D. Tex. Nov. 4, 2011)).

Judge Conway adopted and confirmed the Report and Recommendation denying Plaintiff's Motion to Proceed in forma pauperis; however, Plaintiff was granted leave to file an amended complaint alleging facts to support her contention of employment discrimination before March 28, 2012. Doc. 4. On April 3, 2012, when Plaintiff had failed to file the amended complaint (or any other pleading), Judge Conway dismissed the case for lack of prosecution. Doc. 5. Plaintiff did not file any other document in the case until July 24, 2012, when she filed her Notice of Appeal and Motion to Proceed *in forma pauperis* on appeal. Doc. 6, 7.

Accordingly, Plaintiff's appeal from Judge Conway's Order is not taken in good faith in light of Plaintiff's failure to file the amended complaint by March 28, 2012 in compliance with Judge Conway's Order dismissing her case but allowing her to replead – which she chose not to timely pursue. Plaintiff has not shown any basis for challenging the requirement that she needed to replead

timely.  Moreover, her Notice of Appeal is itself untimely, and the Court of Appeals will be unable to hear her case.  Rule 4, Federal Rules of Appellate Procedure. Accordingly, Plaintiff's application to proceed *in forma pauperis* on appeal should be **DENIED**.  *See* 28 U.S.C. § 1915(a)(3).  It is respectfully **RECOMMENDED** that the District Court certify that the appeal in this case is not taken in good faith.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 27, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy